UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TERRY WAYNE JONES** : | **CIVIL ACTION NO. 5:12-cv-295** |
|    LA DOC #309459 | **SECTION P** |
| | | |
| **VERSUS** : | **JUDGE FOOTE** |
| | | |
| **WARDEN, RIVER BEND** | |
| **DETENTION CENTER** : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for writ of *habeas corpus* filed by *pro se* petitioner Terry Wayne Jones (hereinafter, "petitioner"). Docs. 1, 4. Petitioner is a parolee in the custody of the Louisiana Department of Public Safety and Corrections.[1] At the time he filed this application he was incarcerated at the River Bend Detention Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the application be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I.
### FACTS & PROCEDURAL HISTORY

**A. Conviction & Direct-Appeal**

On February 1, 2010, petitioner pled guilty to Possession of a Firearm or Carrying a Concealed Weapon by a Convicted Felon in Caddo Parish, Louisiana. He was sentenced on the

---

[1] The Louisiana inmate locator website shows that petitioner is under "unsupervised custody." http://www.vinelink.com (last visited July 1, 2015). A telephone call to the Louisiana Department of Probation and Parole confirmed that petitioner was released from prison on February 16, 2014, but remains on parole. A person on parole satisfies the "in custody" requirement for *habeas* relief. *Jones v. Cunningham,* 371 U.S. 236, 240-43 (1963), *Fox v. Dutton,* 406 F.2d 123 (5th Cir. 1969).

-2-

same date to ten (10) years at hard labor without benefit of probation, parole or suspension of sentence. Petitioner did not seek direct review at the Louisiana Second Circuit Court of Appeals. Doc. 19, att. 3, p. 4.

### B. Post-Conviction Relief

Petitioner filed an Application for Post-Conviction Relief in the First Judicial District Court, Parish of Caddo, Louisiana, on May 6, 2010. He raised two claims: (1) ineffective assistance of counsel and (2) violation of his Fourth Amendment rights by the Shreveport Police Department for failure to "knock and announce." Doc. 19, att. 3, pp. 65-78. On November 9, 2010, the trial court denied his application in a written ruling. Doc. 19, att. 3, pp. 133-35. Petitioner filed a writ application in the Louisiana Second Circuit Court of Appeals which was denied on December 16, 2010. Doc. 19, att. 3, p. 147. Petitioner applied for writs with the Louisiana Supreme Court which were denied on December 2, 2011. *State ex rel. Jones v. State*, 76 So.3d 1166 (La. 2011).

### C. Habeas application

On February 14, 2012, petitioner filed his *habeas* application in this court. Docs. 1, 4. Petitioner raises the same claims for relief that he asserted in his post-conviction proceedings; namely (1) ineffective assistance of counsel, and (2) failure of the Shreveport Police Department to "knock and announce." Doc. 4, pp. 3-4.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

Federal courts of the United States have jurisdiction to entertain applications for writs of *habeas corpus* on behalf of a person in State custody only if that person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although petitioner is currently on parole, courts have held that a person on parole satisfies the "in custody"

requirement for *habeas* relief. *Jones v. Cunningham,* 371 U.S. 236, 240-43 (1963), *Fox v. Dutton,* 406 F.2d 123 (5th Cir. 1969).

Because the state district court adjudicated petitioner's claims "on the merits," this court reviews the state court's adjudication under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). The statute provides that when the state court has reached the merits of a constitutional claim, a writ of *habeas corpus* shall not be granted with respect to that claim unless the state court's adjudication resulted in a decision that was either: (1) contrary to clearly established federal law or involved an unreasonable application of that law; or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard—*i.e.* whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law—applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 537 U.S. 3, 9 (2002) (per curiam). The decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Richter*, 131 S. Ct. at 784. A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a [contrary] result . . . ." *Bell v. Cone*, 543 U.S. 447, 452–53 (2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)) (internal quotation marks omitted). In order for a state court's application of federal law to be unreasonable, the

application must be more than simply erroneous, but rather so incorrect as to be objectively unreasonable. *Dilosa v. Cain*, 279 F. 3d 259, 262 (5th Cir. 2002).

The second standard—*i.e.* whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence —applies to questions of fact. It is insufficient for a petitioner show that the state court erred in its factual determination; he must demonstrate that the factual determination was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner must show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 546 U.S. 333, 341 (2006).

### III.
### LAW & ANALYSIS

Petitioner's application was timely filed and his claims were properly exhausted.[2] Accordingly, the court will weigh the merits of petitioner's claims based on the standards set forth above. Petitioner's claims are inter-related as he claims his counsel was ineffective because she failed to file a Motion to Suppress based on the alleged violation of his Fourth Amendment rights. For clarity, we will discuss his claims in reverse order.

---

[2] Petitioner pled guilty and was sentenced on February 1, 2010. He did not seek direct review of his conviction. Therefore his conviction became final on March 1, 2010. Petitioner then had one year—or until March 1, 2011—to seek *habeas* review in federal court. 28 U.S.C. § 2244(d)(1)(A). However, the limitations period was tolled between May 6, 2010, and December 2, 2011 the period during which petitioner's post-conviction relief application was pending in the state courts. 28 U.S.C. § 2244(d)(2). Because less than one year of un-tolled time elapsed before petitioner filed in federal court on February 14, 2012, petitioner's application was timely filed under the meaning of 28 U.S.C. § 2244(d)(1).

Furthermore, petitioner has previously raised all of his claims in state court. *See supra* Part I.C. Accordingly, his claims were properly exhausted under 28 U.S.C. § 2254(b)(1)(A).

### A. Failure of the Shreveport Police Department to "knock and announce"

Petitioner claims that the Shreveport Police Department's entry into the house where he was arrested was illegal. He claims that the police kicked in the back and front entry of the home where he was visiting without knocking and announcing their presence in violation of *Wilson v. Arkansas*, 514 U.S. 927 (1995).[3] The Court in *Wilson* stated that "the method of an officer's entry into a dwelling [i]s among the factors to be considered in assessing the reasonableness of a search or seizure." *Id.* at 934. Evaluating the reasonableness of the entry "depend[s] in part on whether law enforcement officers announced their presence and authority prior to entry." *Id.* at 931. However, the Court has recognized exceptions to this rule. For example, in *Richards v. Wisconsin,* 520 U.S. 385, 394, (1997), the Supreme Court stated, "[I]n each case, it is the duty of a court confronted with the question to determine whether the facts and circumstances of the particular entry justified dispensing with the knock-and-announce requirement." In order to justify a "no-knock" entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime. *Richards,* 520 U.S. at 394.

The State responds that, since petitioner pled guilty to the offense, he is barred from raising allegations of constitutional claims that occurred prior to the entry of the guilty plea. Citing the case of *Tollett v. Henderson,* 411 U.S. 258, 267 (1973) the State argues that petitioner's guilty plea

---

[3] The facts surrounding the entry of the home as testified to at the preliminary examination and as stated in the Shreveport Police Department "Narrative Supplement" report (attached to the application as an exhibit) are vastly different than those set forth by petitioner. *See* doc. 1, att. 2, p. 7, and doc. 19, att. 3, pp. 9-21. The testimony and report indicate that the officers arrived at an abandoned house that was unsecured and commonly used by the homeless, drug users, and prostitutes for illegal activity. Upon arrival, the officers noticed the front door was open and a car was in the driveway. As the officers reached the front entry they noticed three males (one of which was petitioner) drinking beer in the living room area. After entry into the home, an officer performed a pat down search of petitioner where he was found to be in possession of a handgun.

was made intelligently and voluntarily and thus bars claims relating to the constitutional rights at issue prior to the entry of the plea. In *Tollett* the court stated,

> We thus reaffirm the principle recognized in the Brady trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent waiver of the guilty plea… .

*Id.* at 267. *See also, U.S. v. Boniface,* 631 F.2d 1228, 1229 (5th Cir.1980) ("This court has consistently held that a guilty pleas voluntarily and understandingly made waives all non-jurisdictional defects in the prior proceedings against the accused.") (citations omitted).

In denying his post-conviction relief, the state district court stated,

> [P]etitioner pled guilty to the charge. A plea of guilty generally waives all non-jurisdictional defects in the pre-plea proceedings. … It constitutes a waiver of Petitioner's rights to question the merits of the state's case against him. Petitioner has not made any allegation of an involuntary guilty plea, and the transcript from his guilty plea reflects adequate *Boykin* notice from the Court and an intelligent and voluntary guilty plea entered into by Petitioner. (citations omitted).

Doc. 19, att. 3, pp.133-34. The district court also found that petitioner's claim that the Shreveport Police Department violated his Fourth Amendment rights was unsubstantiated. Noting that petitioner failed to provide any affidavits or witnesses to substantiate his claims, the court denied his application finding that he failed to prove that the search and entry violated the "knock and announce" rule or that the search did not satisfy an exception to that rule. *Id.* at p. 134.

We find that the state court's application of Federal law to the facts of this case was not objectively unreasonable. Petitioner is not entitled to relief based on this assertion.

### B.  Ineffective Assistance of Counsel

Petitioner next claims that his attorney was ineffective because she did not file a motion to suppress the evidence (the firearm) found on petitioner after the police conducted an illegal entry and search.

The State cites *Strickland v. Washington,* 466 U.S. 668 (1984), and submits that petitioner has failed to meet his burden of showing that his attorney's performance fell below an objective standard of reasonableness and has failed to prove that his attorney's deficient performance prejudiced him such that the result of the proceedings would have been different.

When a defendant enters a voluntary guilty plea, all non-jurisdictional defects in the proceedings are waived, including ineffective assistance of counsel, "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir.2000).  To establish that his counsel was constitutionally ineffective, petitioner must show that: (1) his counsel's performance was deficient to the extent that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense.  *Strickland* 466 U.S. at 687–88.

To establish that his counsel's performance was deficient, petitioner must show that his counsel made errors so serious that she "was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.* at 687.  "In order '[t]o prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' "  *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption

that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689. (internal quotation marks omitted).

Ineffective assistance of counsel is a mixed question of law and fact. *Triplett v. Johnson*, 158 F.3d 584, 584 (5th Cir. 1998) (citing *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992)). Therefore, petitioner must show that the state court's adjudication of his ineffective assistance claim "resulted in a decision that was contrary to, or involved an unreasonable determination of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1).

Because the state court has already addressed petitioner's ineffective assistance claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). Stated differently, when a state court has already heard a *Strickland* claim, this court does not conduct a *de novo* review of the efficacy of petitioner's legal representation. Our review is limited to whether the state court's determination of *Strickland* was unreasonable.

In considering his application for post-conviction relief, the state district court noted that petitioner was not challenging the voluntariness of his guilty plea and after reviewing the transcript of his plea determined that he received "adequate *Boykin* notice from the court" and that his pleas was "intelligent and voluntary." Doc. 19, att. 3, p. 134. The court then applied the *Strickland* standard and found that 'considering the guilty plea and the facts that were admitted by Petitioner, he has not met his *Strickland* burden of proving that his trial counsel was deficient or that her decision regarding a Motion to Suppress would have changed the outcome of petitioner's case." *Id.*

After review, we do not find the district court's determination of petitioner's claim contrary to or based on an unreasonable determination of Federal law. The state court's decision is objectively reasonable in light of the evidence presented. As such, petitioner is not entitled to relief.

## IV.
### CONCLUSION & RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the application for the writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from the service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2).

THUS DONE this 7th day of July, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE